IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **GENI AKRIDGE, IVYDALE, an uniincorporated association, and JOHN AND JANE DOES ONE THROUGH SIX** | : : : : | |
| **Plaintiffs,** | : : | Civil Action No. 6:04-CV-31 (HL) |
| **v.** | : : | |
| **CITY OF MOULTRIE, GEORGIA, a body corporate,** | : : : | |
| **Defendant.** | : | |

# ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (Doc. 15), in which Plaintiff requests the Court order Defendant to reveal the substance of an executive session meeting of the Moultrie City Council. Defendant argues that the information sought by Plaintiffs is privileged. For the reasons set forth below the Court denies Plaintiffs' Motion to Compel.

**I. FACTS**

On April 13, 2005, during his deposition, Robert Hopkins, the City Manager of Moultrie, refused to disclose the substance of the Moultrie City Council executive session held on April 6, 2004. Hopkins, on advice of counsel, declined to answer based on the attorney-client privilege. He explained that the executive session portion of the council meeting was called to discuss potential legal action the city might bring against Ms. Akridge.

Plaintiffs acknowledge that the city attorney and members of the city council discussed

1

potential legal action the city might bring against Ms. Akridge, yet Plaintiffs argue that the Georgia Open Meetings Act nevertheless required the executive session to be open to the public because Ms. Akridge had not manifested any intention to sue the city.

**II. ANALYSIS**

Privileges available in federal cases that contain no state law claims, are governed by Rule 501 of the Federal Rules of Evidence. It provides that privileges are governed by principles of the common law as interpreted by the federal courts. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 667, 682 (1981). The privilege protects "confidential communications between a lawyer and his client in matters that relate to the legal interest of society and the client." In re Grand Jury Investigation, 723 F.2d 447, 451 (6th 1983). Thus, a communication must be (1) confidential, (2) made between a lawyer and his client, and (3) made for the purpose of obtaining legal advise to be protected by the privilege.

Although Georgia's Open Meetings Act does not control the privileges available in federal cases, the requirements of the Act are relevant in determining what statements fall within the federally defined attorney-client privilege. If the Open Meetings Act requires that a meeting is open to the public, nothing said during that meeting could be protected by the attorney-client privilege because none of the communication would be confidential. Thus, in the present case, if the executive session was required under Georgia law to be open to the public, any communication between the council members and their attorney would not have been confidential and would not now be protected from discovery by the attorney-client privilege.

Georgia's Open Meetings Act, O.C.G.A. §§ 50-14-2 - 6, requires all meetings of state and local government, unless specifically excluded, to be open to the public. The act specifically excludes meetings called for the purpose of consulting with legal counsel about legal action "brought or to be brought by or against" the governmental entity holding the meeting. O.C.G.A. § 50-14-2(1) (2002). Thus, this pending or potential litigation exception covers (1) meetings in which the governmental entity discusses legal action brought or to be brought against the entity, and (2) meetings in which the governmental entity discusses legal action brought or to be brought by the entity. As both parties, in the present case, agree that the executive session was closed to discuss how and when the city would bring legal action against Ms. Akridge, the executive session squarely falls within the exception provided by the Open Meetings Act. Thus, Georgia's Open Meeting Act does not destroy the confidentiality of the communications between the city council and its attorney during the executive session, and the substance of the meeting is protected from discovery by the attorney-client privilege.

Plaintiffs' argument concerning the timing of any legal action brought by Ms. Akridge is misplaced. Although Georgia courts have narrowly interpreted the pending or potential litigation exception, under the Open Meetings Act, to require the governmental entity to "show a realistic and tangible threat of legal action against it or its officers or employees," this interpretation clearly only applies to meetings closed to discuss legal action that has been brought *against* the city. See Claxton Enterprise v. Evans County Bd. of Comm'rs, 249 Ga.App. 870, 874, 549 S.E.2d 830, 834 (Ga.App. 2001). As the present case involves a meeting closed

to discuss legal action that was to be brought *by* the city, the case cited by Plaintiff is inapplicable.

### III. CONCLUSION

For the foregoing reasons, the substance of the April 6, 2004, Moultrie City Council executive session is protected from discovery by the attorney-client privilege and Plaintiffs' Motion to Compel Discovery is denied.

**SO ORDERED**, this the 21st day of November, 2005.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs